Davis vs. Tax Collector et als.

## No. 10,124.

## A. V. Davis vs. T. K. Green, Tax Collector, et als.

Art. 214 of the Constitution of the State of Louisiana is self-acting, in so far as it confers directly upon the levee commissioner, authority to levy a tax of five mills for levee purposes, in their respective districts.

The only legislative action contemplated under Art. 214 of the Constitution is the division of the State into levee districts and to provide for the appointment or election of levee commissioners.

APPEAL from the Ninth District Court, Parish of Tensas. Young, J.

J. N. Luce for Plaintiff and Appellant.

Steele, Garrett & Dagg for Defendants and Appellees.

The opinion of the Court was delivered by

Todd, J. The issue in this case is the legality and constitutionality of the five mill district levee tax, for the year 1887, amounting to two hundred and ninety-four dollars and seventy-five cents, levied for said year, on the property of plaintiff, situated in the parish of Concordia. The collection and enforcement of said five mill tax by the tax collector of Concorda were enjoined as being illegal and unconstitutional.

Two alleged levees of said five mill tax, for the year 1887, were made : one by the General Assembly under Section 8 of Act No. 44 of 1886, and one by the board of levee commissioners, for the Fifth Louisiana Levee District, in August, 1887.

The grounds of objection to the levy made by the Legislature are that the Legislature, under Art. 213 and 214, could not levy such tax itself, and that such a levy by the Legislature violated Art. 203 of the Constitution.

The objections to the levy made by the levee board are that there was no legislative act and grant authorizing and empowering the levee commissioners to assess such tax, and that Act 44 of 1886 not only conferred no such authority, not only repealed all that part of Act 33 of 1879, which did confer such authority, but in letter and effect restrained and prohibited such a levy by the levee commissioners. The sheriff and levee board answered, putting plaintiff's petition at issue, prayed that demand of plaintiff be rejected and for dissolution of the injunction. The district judge decided the tax levied by the levee commissioners to be valid and constitutional and dissolved plaintiff's injunction. Plaintiff prosecutes this appeal.

Waiving the consideration of the charge of the illegality of the tax

levied by the General Assembly and the unconstitutionality of the act referred to, under or by which the tax was levied, if the ground upon which the attack is made against the tax levied by the levee commissioners should prove untenable, there would be no reason to disturb the conclusion reached by the judge of the first instance.

It is sufficient if the tax imposed by either authority be found legal and constitutional.   Article 214 of the Constitution reads :

" The General Assembly may divide the State into levee districts and provide for the appointment or election of levee commissioners in said districts, who shall in the method and manner to be provided by law have supervision of the erection, repair and maintenance of levees in said districts, to that effect it may levy a tax not to exceed five mills on the taxable property situated within the alluvial portions of said districts subject to overflow."

It has been judicially determined that the power to levy the tax maintained in this article is strictly conferred on the levee commissioners.   Railroad and Steamship Company vs. Cage, sheriff, 34 Ann. 506.

The sole question for determination is, whether a legislative grant or authority is necessary to the exercise of that power by the levee commissioners.

It seems to us that this question was virtually solved by the same decision referred to.   This Court, in that case, where the sole issue was the constitutionality or legality of a levee tax, imposed by the levee commissioners, after deciding that such a tax could not constitutionally be levied by the General Assembly, proceeds to say (quoting) : " But such a tax could be levied by the levee commissioners and would be equal and uniform throughout their territorial limits."

The same decision, after quoting from Article 214 the words " to that effect it may levy a tax not to exceed five mills on taxable property within the alluvial portions of said districts subject to overflow," again proceeds :

" Now to which of the two powers enumerated in the first portion of the article do the words " to that effect " apply ?   Evidently not to the power of the Legislature to divide the State into levee districts, but on the contrary, they must refer to the power of the levee commissioners to build, repair and maintain levees.   Hence, we conclude that while the pronoun it is inartistically used in the language granting

Davis vs. Tax Collector et als.

the taxing power the convention undoubtedly intended to confer the taxing power under Art. 214 directly to the levee commissioners."

It is true that in the case of the tax involved in that decision there was a legislative act (33 of 1879) authorizing the levy by the commissioners, and the act 44 of 1886, referred to in the pleadings, contains no such provisions, but the Court in the same decision in treating of the act of 1879, and article 214 declared substantially that the article was framed with special reference to the act and with the undoubted intention of giving it constitutional effect and vitality and secure its efficiency to the people to be affected thereby.

In the face of such expressions and judicial construction, we attach no significance to the repeal of the act of 1879, and the silence of the act of 1886 touching the authority of the commissioners to levy the tax.

The constitutional grant was all-sufficient and self-operative, and no expression of the legislative will or permission was needed.

If the power to impose this tax was conferred by the Constitution on the levee commissioners it was their right and doubtless their duty to exercise it, and there is therefore no force in the contention that the Legislature in levying the tax directly by statutary enactment virtually prohibited the exercise of such authority by the commissioners.

One of the subjects of paramount importance before the convention that framed the Constitution was that of levees, and the necessity of protection from overflow of the alluvial lands of the State. The efficacy of any system of protection that could be devised would essentially depend upon a prompt and speedy raising of adequate means for the construction and maintenance of the required works. Doubtless it was concluded that it was safer and wiser to confer the power to provide the funds in small bodies from the endangered districts that could seasanably realize the exigency and by prompt action and speedy levies meet it, than to jeopardize the entire system of levee protection by depending exclusively on the precarious and dilatory action of the Legislature, which met once only in two years, for the required means.

For these reasons the judgment of the lower court is affirmed at the costs of the plaintiff in both courts.